UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Bryan M., By and Through
His Parents, Keith M. and Denise M.

   v.                           Civil No. 04-cv-246-JM

Litchfield School District

**O R D E R**

Plaintiff brought this action against Defendant Litchfield School District under the Individuals with Disabilities Education Act ("IDEA") appealing a state hearing officer's decision in the Defendant's favor. See 20 U.S.C.A. § 1415(i)(2). On August 16, 2005, this Court issued an order reversing the hearing officer's decision. The following paragraph was included at the conclusion of the Court's order:

> The Plaintiff is the prevailing party. Each party
> shall bear its own costs and expenses. The Clerk of
> Court shall enter judgment in favor of the Plaintiff
> and close the case.

August 16, 2005 Order at 38. The clerk entered judgment accordingly on August 17, 2005. The Plaintiff filed a motion for attorneys' fees on August 31, 2005. Defendant now moves to dismiss the motion for attorneys' fees. Plaintiff filed an

objection.

Defendant acknowledges that the IDEA allows the payment of attorneys' fees to a prevailing party who is a parent.  See 20 U.S.C.A. § 1415(i)(3)(B)(i)(I).  Defendant argues, however, that since the Court ordered that each party was to bear its own costs, the Plaintiff's post-judgment motion for attorneys' fees is improper.  Defendant argues that in order to properly present the attorneys' fee issue the Plaintiff needed to timely file a motion for relief from the Court's order, such as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

Defendant was understandably misled by the directions at the conclusion of the Court's August 16th Order.  The order was not intended to be a final disposition of the attorneys' fee issue. The Court found that the Plaintiff was the prevailing party. Such a finding clearly makes the Plaintiff eligible to receive attorneys' fees under the federal fee-shifting statute.  See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); see also Jason D. W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 208 (5th Cir. 1998) (finding that the legislative history of the IDEA indicates that the attorneys' fee provision should be interpreted in accordance with Hensley).  The Court made no findings in the

August 16th order that would support a complete denial of attorneys' fees in this case.  See <u>P.S. v. Contoocook Valley Sch. Dist. and Sch. Admin. Unit #1</u>, No. 95-154-M, slip op. at 4 (D.N.H. Sep. 30, 1996) (finding that a court may decide not to award attorneys' fees to otherwise eligible plaintiffs in IDEA cases if the court finds special circumstances such as bad faith, obdurate conduct, or any unjust hardship).

Furthermore, Plaintiff's post-judgment motion for attorneys' fees was properly presented under Fed. R. Civ. P. 54.  Rule 54(d)(2) provides, in pertinent part:

> (A) Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.  If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(A)-(B).  Rule 54(d)(2)(A) does not apply in this case since attorneys' fees is not an element of damages that the Plaintiff was required to prove at trial.  Rather, the

issue of the Plaintiffs' entitlement to attorneys' fees is collateral to the main cause of action, and could not be determined until after the Plaintiff prevailed.  See White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451-452 (1982) (finding that a request for an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, was not a "motion to alter or amend the judgment" subject to a ten-day timeliness standard); see also Day v. Radnor Township Sch. Dist., 1994 WL 683375 at *1 (E.D. Pa. Nov. 29, 1994) (finding that Fed. R. Civ. P. 54 applied to the plaintiff's motion for attorneys' fees under the IDEA).  Therefore, the presentation of the motion for attorneys' fees after the entry of judgment was proper under Fed. R. Civ. P. 54(d)(2)(B).  Defendant does not dispute that Plaintiff's motion was filed within the 14-day deadline in Rule 54(d)(2)(B).

    Defendant's reliance on the decision in J.B. v. Essex-Caledonia Supervisory Union, 943 F. Supp. 387 (D. Vt. 1996), to support its motion to dismiss is misplaced.  In that case, the court found that Fed. R. Civ. P. 54 did not apply to the determination of when the Plaintiff's action for attorneys' fees under the IDEA must have been filed.  Id. at 390.  Unlike in this

case, the merits of J.B. was resolved in the plaintiff's favor during the administrative process. Id. In that context, no final judgment had been entered by a court, and the 14-day deadline for filing a motion for attorneys' fee was found not to apply. In the instant case, however, the court has entered a final judgment on the merits the Plaintiff's claim bringing the attorneys' fees issue within the scopes of Fed. R. Civ. P. 54(d)(2).

In sum, since the Court made no findings in its August 16th Order that would support a complete denial of attorneys' fees, and since the Court finds that the Plaintiff's motion for attorneys' fees was properly presented under Fed. R. Civ. P. 54(d)(2), Defendant's motion to dismiss the Plaintiff's motion for attorneys fees (document no. 40) must be denied.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: October 25, 2005

cc:   Ronald K. Lospennato, Esq.
      Diane McCormack, Esq.