**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Bryan M., By and Through
His Parents, Keith M. and Denise M.</u>

   v.            Civil No. 04-cv-246-JM

<u>Litchfield School District</u>

## <u>O R D E R</u>

Plaintiff moves for an award of reasonable attorneys' fees after obtaining a judgment in his favor in this case brought under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C.A. § 1400 <u>et</u> <u>seq.</u> (West 2000 & Supp. 2005).  Defendant objects.  The Court grants the motion and explains its fee award herein.

### <u>Background</u>

In September 2003, while Bryan M. was a fourth grade student, the Litchfield School District (the "School District") determined that he was no longer eligible to receive special education services.  Bryan had received such services since first grade.  The School District reaffirmed its decision in November 2003.  Since the Parents disagreed with this decision, the School District requested an administrative due process hearing

regarding the Parents' request for payment for an independent educational evaluation ("IEE") and the School District's intent to discharge Bryan from special education services.

An administrative hearing was held over three days at the New Hampshire Department of Education concluding on March 5, 2004.  In a decision dated April 9, 2004, the Hearing Officer found in the School District's favor.  The Hearing Officer found that Bryan was shown to have gained sufficient educational benefit to be able to continue his education without an individualized education plan ("IEP"), and that the Parents' IEE was not properly reimbursable from public funds.

This Court reversed the Hearing Officer's decision in an order dated August 16, 2005, finding that the School District had not demonstrated under the proper legal standard that Bryan no longer needed special education services.  Therefore, the Court found that Bryan was entitled to an IEP until such time as the School District demonstrates under the proper legal standard that he no longer needs special education services.  The Court further found that the Parents were entitled to reimbursement from the School District for the cost of the IEE because they demonstrated that the School District's evaluation of Bryan was inappropriate.

2

Requested Fees

In support of his fee request, Plaintiff submitted affidavits from his attorneys and copies of his attorneys' contemporaneous billing records.[1]  His revised request, which responds to the Defendant's challenges, is as follows:

| ATTORNEY | HOURS | | RATE | SUB-TOTAL |
|---|---|---|---|---|
| Ronald K. Lospennato | 9.25 hours (Before Entry of Judgment) | x | $260 = | $2,405.00 |
| | 69.15 hours (Preparing and Defending Fee Request) | x | $235 = | $15,925.25 |
| Amy B. Messer | 2.05 hours | x | $225 = | $461.25 |
| Colleen Micavich | 327.6 hours | x | $160 = | $52,416.00 |
| Elizabeth Lorsbach | 2.5 hours | x | $150 = | $375.00 |
| Kim Hallquist | 2.70 hours | x | $145 = | $391.50 |
| | TOTAL REQUEST | = | | $71,974.00 |

See Second Aff. of Ronald K. Lospennato In Support of Plaintiff's Request for Reasonable Attorneys' Fees, ¶¶ 13-21.

---

[1]Plaintiff has been represented in this case by attorneys employed by the Disabilities Rights Center, Inc. ("DRC").

Standard of Review

The purpose of federal fee-shifting statutes, which authorize the courts to order a party to pay another party's attorneys' fees, is "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). The amount of the fees awarded should be adequate to attract competent counsel without resulting in a windfall for attorneys. Hensley v. Eckerhart, 461 U.S. 424, 430 n.4 (1983).

Congress has authorized the district courts to award reasonable attorneys' fees as part of the costs to the parent of a child with a disability who is a prevailing party in an action or proceeding brought under the IDEA. 20 U.S.C.A. § 1415(i)(3)(B)(i)(I). The statute provides that "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C.A. 1415(i)(3)(C). The Court is not permitted to use a bonus or multiplier in calculating the fees to be awarded. Id.

"The most useful starting point for [court determination of]

the amount of a reasonable fee [payable by the loser] is the
number of hours reasonably expended on the litigation multiplied
by a reasonable hourly rate."  Gisbrecht v. Barnhart, 535 U.S.
789, 802 (2002) (quoting Hensley, 461 U.S. at 433).  This
calculation is referred to as the lodestar method.  See id. at
800-801.  The party seeking an attorneys' fee award must submit
evidence that supports the reasonableness of the number of hours
worked and the claimed rates.  Hensley, 461 U.S. at 433.  If the
applicant meets his burden to produce satisfactory evidence
supporting the fee request, "the resulting product is presumed to
be the reasonable fee."  Delaware Valley, 478 U.S. at 564
(emphasis in original).  The court may make upward or downward
adjustments to the lodestar in exceptional cases and when
supported by specific evidence.  Id. at 565.

     The calculation of an attorneys' fee award is a matter of
judicial discretion.  Hensley, 461 U.S. at 436-437; Andrade v.
Jamestown Hous. Auth., 82 F.3d 1179, 1189 (1st Cir. 1996).  The
Supreme Court has instructed the lower courts, however, that:

          the extent of a plaintiff's success is a crucial factor
          in determining the proper amount of an award of
          attorney's fees . . . .  Where the plaintiff has failed
          to prevail on a claim that is distinct in all respects
          from his successful claims, the hours spent on the
          unsuccessful claim should be excluded in considering

5

the amount of a reasonable fee.  Where a lawsuit
consists of related claims, a plaintiff who has won
substantial relief should not have his attorney's fee
reduced simply because the district court did not adopt
each contention raised.  But where the plaintiff
achieved only limited success, the district court
should award only that amount of fees that is
reasonable in relation to the results obtained.

Hensley, 461 U.S. at 440.  With these principles in mind, the

Court considers the Plaintiff's revised fee request.

Discussion

I.   Prevailing Party

       To be eligible for an award of attorney's fees under a

federal-fee shifting statute, the district court must first find

that the fee applicant is the "prevailing party."  Hensley, 461

U.S. at 433.  The Supreme Court has adopted a "generous

formulation" of that term.  Farrar v. Hobby, 506 U.S. 103, 109

(1992).  Plaintiffs satisfy the prevailing party requirement "if

they succeed on any significant issue in litigation which

achieves some of the benefit the parties sought in bringing

suit."  Hensley, 461 U.S. at 433 (quoting Nadeau v. Helgemoe, 581

F.2d 275, 278-279 (1st Cir. 1978)).  Nonetheless, "[t]he party's

success cannot be a hollow victory; it must materially alter the

litigants' legal relationship by modifying one party's behavior

in a way that directly benefits the other."  Me. Sch. Admin.

6

Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 14 (1st Cir. 2003)

(citing Farrar, 506 U.S. at 111-12; Gay Officers Action League v.

Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001)).

Two material issues were presented in this case: (1) whether
Bryan needs special education services to meet the needs created
by a qualifying disability; and (2) whether the School District's
evaluation of Bryan was inappropriate.  As to those two issues,
the Court found in the Plaintiff's favor.  Although the Court's
order did not provide Plaintiff all of the relief that he
sought,[2] the order materially altered the legal relationship
between the parties in a manner that benefits the Plaintiff by
requiring the School District to continue providing Bryan an IEP
and special education services, which is the most significant
aspect of the relief sought.  The Court also required the School

_____

[2]Plaintiff requested the following relief in his complaint:
(1) find that his rights were violated under the IDEA, N.H. Rev.
Stat. Ann. ("RSA") 186-C, RSA 193-E:1 and 2, and the New
Hampshire Constitution; (2) order the Defendant to continue to
identify him as a student with a specific disability under the
IDEA; (3) order the Defendant to draft an appropriate IEP with
services similar to those that he had received since the first
grade; (4) order the Defendant to convene an IEP team meeting to
determine whether additional goals, objectives or related
services should be added to his IEP; (5) order the Defendant to
reimburse the Parents for the IEE administered by Toby Freeman;
(6) award Plaintiff reasonable attorney's fees and order that all
costs be assessed against Defendant; and (7) grant such other and
further relief as may be just and proper.  Compl. at 14.

District to reimburse the Parents for the cost of the IEE.  The
Plaintiff is clearly the prevailing party in this lawsuit.

The arguments that the School District advances to minimize
the results obtained by the Plaintiff are unpersuasive.  The
School District argues that Plaintiff achieved only marginal
success because if the Court had found in the Plaintiff's favor
on his claim that the standard for the provision of a free
appropriate public education is greater under New Hampshire law
than under federal law the result would have had "sweeping
results for all special education parents and school districts in
the State of New Hampshire."  Mem. of Law In Support of Def.'s
Objection to Pls.' Mot. for Attorneys Fees at 5.  As discussed
above, however, Plaintiff prevailed on the primary issue
presented in this case, which is his continuing eligibility for
special education services.  Since Bryan is the only plaintiff
presently before this Court, the Court finds that he won
substantial relief in this lawsuit.

The School District further argues that Plaintiff's victory
was small because there was no change in Bryan's special
education services during the 2003–2004 school year and virtually
no change under an accommodation plan that the School District

offered for 2004-2005.  The issue of the substantive difference
between what the School District offered Bryan and what it shall
be required to provide him through an IEP is not before the Court
for decision.  In any event, however, this argument fails to
recognize that it was the School District, not the Plaintiff,
that sought to alter the status quo.  The Plaintiff prevented the
School District from taking away services and protections
afforded to him under the IDEA.  That is no small victory.
Further taking into account that the School District must
reimburse the Parents for the cost of the IEE, the Court finds
that the Plaintiff obtained substantial relief.

II.  Reasonable Hourly Rates

     The hourly rates to be applied in calculating reasonable
attorney's fees is determined by the "prevailing market rates in
the relevant community, regardless of whether plaintiff is
represented by private or non-profit counsel." Blum v. Stenson,
465 U.S. 886, 895 (1984); see also Miele v. N.Y. State Teamsters
Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987)
(the rates awarded to nonprofit firms are based on the "rates
charged to clients of private law firms"); Norman v. Hous. Auth.
of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (in

determining a reasonable hourly rate, "in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits"). "[T]he burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  <u>Blum</u>, 465 U.S. at 896 n.11.

The relevant legal community for purposes of determining hourly rates is the area where the court is located.  <u>See Andrade</u>, 82 F.3d at 1190; <u>Wojtkowski v. Cade</u>, 725 F.2d 127, 130 (1st Cir. 1984); <u>see also</u> <u>Pub. Interest Research Group v. Windfall</u>, 51 F.3d 1179 (3d Cir. 1995) (adopting the entire District of New Jersey as the relevant market for legal rates). The Court may rely upon its own knowledge of attorney's fees in its surrounding area and defense attorney's rates in arriving at a reasonable hourly rate.  <u>Andrade</u>, 82 F.3d at 1190.

Once an appropriate prevailing market rate is determined, it may be adjusted based on factors such as the type of work, who performed the work, and the expertise required.  <u>See</u> <u>Grendel's</u>

<u>Den, Inc. v. Larkin</u>, 749 F.2d 945, 951 (1st Cir. 1984).

Compensation for time spent in connection with preparing a fee

application, for example, may awarded at a reduced hourly rate.

See <u>Brewster v. Dukakis</u>, 3 F.3d 488, 492-494 (1st Cir. 1993).[3]

   In support of their claimed rates, Plaintiff submitted

affidavits from his attorneys and from Gregory Van Buiten, Esq.,

Michael Chamberain, Esq., and Scott Johnson, Esq., three

attorneys who have experience practicing in New Hampshire in the

area of special education law.  Attorney Van Buiten states that

his hourly rate is $180.00 per hour.  Attorney Johnson states

that when he was in private practice his regular hourly rate was

between $150.00 to $200.00 per hour in special education cases.

Attorney Chamberlain did not provide his hourly rate.  Although

Attorney Johnson found that some of the rates being requested by

the DRC attorneys in this case were somewhat high, each of the

three attorneys opined that the claimed hourly rates were

reasonable given the attorneys' expertise, the complexity of

_____

   [3]Letter writing, telephone conversations and meetings with
co-counsel are other activities that have been identified as less
demanding than core legal work.  <u>Brewster</u>, 3 F.3d at 492 n.4.
With the exception of the time spent on the motion for attorneys'
fees, both parties here have chosen to address whether deductions
should be made to the number of hours claimed in the fee request
for activities that could be described as "non-core" legal work.
The Court follows that approach in this order.

11

special education cases, the imbalance in resources between parents and school districts, and the need to attract members of the bar to represent parents in special education cases.

In further support of his attorneys' claimed hourly rates, Plaintiff relies upon the hourly rates used by the court in Hawkins v. Comm'r, NH Dep't of Health and Human Serv., Civ. No. 99-cv-143-JD, 2005 DNH 085 (D.N.H. May 25, 2005).  In that case, the court awarded class counsel rates between $270.00 and $175.00 per hour.  The hourly rates used in Hawkins were based on the evidence in the record pertaining to prevailing hourly rates then before the court, and on that court's familiarity with the nature of the work done in a protracted and complex class action lawsuit.

The Court finds that the hourly rates used by the court in another fairly recent IDEA case, Mr. & Mrs. S. v. Timberlane Regional Sch. Dist., No. Civ. 03-260-JD, 2004 WL 502614 (D.N.H. Mar. 15, 2004), provide a better comparison to the instant case. In Mr. & Mrs. S., the Court found that an hourly rate of $200 per hour for a law firm partner and hourly rates of $145 and $150 per hour for associates were reasonable.  Id. at *6.  The rates used in Mr. & Mrs. S. are consistent with the rates charged by

12

Attorneys Van Buiten and Johnson, and with this Court's own knowledge of the prevailing rates in this area for experienced attorneys in similar types of civil litigation.  In light of the evidence on hourly rates before this court, and taking into account the Court's knowledge of the work done in the instant litigation,[4] the Court shall adjust downward some of the hourly rates in the attorneys' fee request as discussed below.

A.   Ronald K. Lospennato, Esq.

Attorney Lospennato was admitted to the New Hampshire Bar in November 1978.  First Aff. of Ronald K. Lospennato, ¶ 6.  He was a staff attorney with Vermont Legal Aid from September 1978 until October 1979.  Id.  He has been employed by the DRC since October 1979.  Id., ¶ 5.  He presently serves as the DRC's Legal Director where he has overall responsibility for all of the DRC's litigation and other case work.  Id., ¶ 4.  During the course of this litigation, Attorney Lospennato served as a strategic advisor to the lead attorney, Colleen Micavich, reviewing her

_____

[4]Although the parties requested that the Court consider an extensive factual background in this case, the Court's decision turned largely on issues of law, such as the proper standard for determining Bryan's continuing eligibility for special education, that could have been clarified at the administrative hearing level perhaps reducing significantly the length of this litigation.

court filings and participating in litigation strategy decisions. Id., ¶ 10.

Plaintiff argues that he is entitled to an award that uses an hourly rate of $260.00 for Attorney Lospennato's time prior to the entry of judgment and an hourly rate of $235 for his work in preparing and defending the attorneys' fee request.  Based on the information in the record and taking into account Attorney Lospennato's experience and the nature of the work done in this case, the Court finds that a reasonable hourly rate for Attorney Lospennato's time in this litigation is $225.00 per hour for his time spent prior to the entry of judgment.  The Court finds that a reduced hourly rate of $180.00 per hour is reasonable for Attorney Lospennato's time spent in preparing and defending the request for attorneys' fees.

B.   Amy B. Messer, Esq.

Attorney Messer was admitted to the New Hampshire Bar in October 1991.  Messer Aff., ¶ 1.  From 1991 to 1999 she was a Staff Attorney, Managing Attorney, and then Assistant Director of the New Hampshire Public Defender Program.  Id., ¶ 3.  She has been employed as a Supervising Staff Attorney at the DRC since November 1999.  In this litigation, Attorney Messer provided

14

direct supervision and participated in strategic discussions with
Colleen Micavich, who served as the Plaintiff's lead attorney in
this case.

Plaintiff argues that he is entitled to an award that uses
an hourly rate of $225.00 for Attorney Messer's time.  Based on
the information in the record and taking into account Attorney
Messer's experience and the nature of the work done in this case,
the Court finds that the reasonable hourly rate for Attorney
Messer's time in this litigation is $200.00 per hour.

C.   Colleen Micavich, Esq.

Attorney Micavich was admitted to the Massachusetts Bar in
December 1999 and to the New Hampshire Bar in October 2002.
Micavich Aff., ¶ 1.  From April 2000 until August 2002 she was
employed as an attorney with Bloom & Buell, a law firm in Boston,
Massachusetts.  Id., ¶ 4.  She was employed as a DRC litigation
staff attorney from August 2002 until August 2005 and served as
Plaintiff's lead attorney in this case.

Based on the information in the record and taking into
account Attorney Micavich's experience and the nature of the work
done, the Court finds that Plaintiff's requested rate of $160.00
per hour is a reasonable hourly rate for Attorney Micavich's time

in this litigation.

    D.   <u>Elizabeth Lorsbach, Esq.</u>

Attorney Lorsbach was admitted to the New Hampshire Bar in October 2000.  Lorsbach Aff., ¶ 1.  From August 2000 until she began her employment at the DRC, she was employed as an attorney at Lotter & Bailin, P.C., a law firm in Manchester, New Hampshire.  <u>Id.</u>, ¶ 3.  She has been employed as an intake attorney at the DRC since May 2003.  <u>Id.</u>, ¶ 2.  In this litigation, Attorney Lorsbach handled the initial contacts from the Parents, began interviewing the Parents, obtained and reviewed records, advised them of their legal rights, and determined whether their concerns were meritorious.  <u>Id.</u>, ¶ 4.

Based on the information in the record and taking into account Attorney Lorsbach's experience and the nature of the work done, the Court finds that the Plaintiff's requested rate of $150.00 per hour for Attorney Lorsbach's time is reasonable.

    E.   <u>Kimberly Hallquist, Esq.</u>

Attorney Hallquist was admitted to the New Hampshire Bar in October 2002.  Hallquist Aff., ¶ 1.  She has been employed as an intake attorney at the DRC since December 2002.  <u>Id.</u>, ¶ 2.  Attorney Hallquist had one year of legal experience when she

began representing the Plaintiff.  She performed the same types of activities in this case as Attorney Lorsbach while Attorney Lorsbach was on vacation.  Id., ¶ 3.

Based on the information in the record and taking into account the nature of the work done and Attorney Hallquist's experience, the Court finds that Defendant's proposed rate of $135.00 per hour is reasonable for Attorney Hallquist's time spent on this matter.[5]

III. Hours Reasonably Spent on the Litigation

The fee applicant's counsel is expected to "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  Hensley, 461 U.S. at 434.  In response to Defendant's challenges to specific entries in the attorneys' billing records, Attorney Lospennato reviewed the billing records line-by-line and revised his fee request downward as to certain

--------

[5]Defendant submitted declarations from Trina Fossum Ingelfinger, Esq., and Kelly Dowd, Esq., who were licensed to practice law in December 1999 and September 2001, respectively. Both attorneys represent public schools in New Hampshire. Attorney Fossum Ingelfinger bills clients at rates between $115.00 and $135.00 per hour.  Attorney Dowd bills clients at $130.00 per hour.

17

entries.  Plaintiff requested additional compensation, however, for Attorney Lospennato's time spent defending the fee application.  Plaintiff contends that the revised request, submitted after exercising billing judgment, is based on a reasonable number of hours expended on this matter.  The Court considers Defendant's challenges to the reasonableness of the hours claimed next.

A.    <u>Work on Unsuccessful Claims and Motions</u>

Defendant has identified time entries totaling 15.45 hours that include time spent on state law claims that the Court rejected.  Defendant argues that the Court should only award half of that claimed time.[6]  Plaintiff responds that all of that claimed time should be compensated because he obtained full relief in this litigation.

In <u>Hensley</u>, the Supreme Court found that where a plaintiff presents distinctly different claims for relief based on different facts and legal theories in a single lawsuit, "work on an unsuccessful claim cannot be deemed to have been 'expended in

---

[6]This Court's August 16th order found in Plaintiff's favor on their IDEA claims, but rejected the Plaintiff's state law claims, which alleged that the School District violated the Plaintiff's rights under RSA 193-E:1 and 2 and under Part II, Article 83 of the New Hampshire Constitution.

pursuit of the ultimate result achieved.'"  461 U.S. at 435
(citation omitted).  Therefore, the hours spent on the
unsuccessful claim should be excluded from any attorney's fee
award.  Id. at 440.  But in cases where the plaintiff's claims
for relief involve a common core of facts or are based on related
legal theories, the court should "focus on the significance of
the overall relief obtained by the plaintiff in relation to the
hours reasonably expended on the litigation." Id. at 435.  In
such cases, even if the court rejects or fails to reach
alternative legal grounds for the desired outcome, that is not a
sufficient reason, by itself, to reduce an attorney's fee award.
Id.  Plaintiff is entitled to all attorneys' fees reasonably
expended in pursuing his successful claims.

In this case, all of the Plaintiff's claims arose from a
common core of facts.  Although the Court rejected Plaintiff's
state law claims, the court finds that those claims are properly
construed as alternative legal theories for the outcome that
Plaintiff obtained on his IDEA claim.  Taking into account the
overall relief obtained by the Plaintiff, the Court finds that a
further reduction in the amount of the attorneys' fee award based
on the Plaintiff's unsuccessful claims is not necessary to make

the fee award reasonable in relation to the results obtained.
See Hensley, 461 U.S. at 435; see also Mr. & Mrs. S., 2004 WL
502614 at *7 (finding that the issues on which Mr. & Mrs. S. were
partially successful were intertwined with the parts in which
they were not successful, such that it was not possible or
necessary to parse their attorneys' efforts between successful
and unsuccessful claims).

In addition, Defendant has identified time entries totaling
34.35 hours pertaining to time spent on an unsuccessful motion
for additional evidence and on an unfiled "motion to
consolidate," which Plaintiff asserts was simply an early
iteration of what became the motion for additional evidence.
Plaintiff reduced his fee request pertaining to that claimed time
to 18.90 hours.  After reviewing the billing records, the Court
shall deduct an additional .45 hours from Attorney Micavich's
claimed time to account for objections to time entries on October
7, 2004 that Plaintiff failed to address.  The Court finds that
the resulting 18.45 hours is reasonable.  See Cabrales v. County
of Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991) (finding that
"time spent on a losing stage of litigation contributes to
success because it constitutes a step toward victory," and may be

compensable in full or in part).

    B.   <u>Miscellaneous Challenges</u>

       1.   <u>Duplicative Work</u>

By the Court's calculation, Defendant has identified time entries totaling 7.80 hours that it contends should be discounted to 2.00 hours because the time claimed is duplicative.  Plaintiff argues that time that Attorney Micavich spent meeting with other DRC attorneys or that other DRC attorneys spent reviewing or editing pleadings is not duplicative.  Plaintiff admits, however, that some inefficiency resulted when one of the intake attorneys went on vacation and another attorney was added to the case. Plaintiff argues that all but .40 hours of the requested time should be included in the fee award.  The Court finds that the 7.40 hours in the revised request for time that Defendant argues is duplicative is reasonable.  Supervising attorneys are expected to consult with and review the work of attorneys working under them.  Considering the length of this litigation, the amount of time claimed here for those activities is reasonable.  The Court finds that no further reduction to that time is necessary.

       2.   <u>Non-Core Activities</u>

By the Court's calculation, Defendant has identified time

entries totaling 23.30 hours, which it claims involve activities that do not require the core skills of an attorney or are clerical activities.  Plaintiff concedes that much of the time spent on purely clerical tasks should be eliminated from the fee request, but contends that time spent communicating with opposing counsel and clients during litigation ought not be reduced. Plaintiff reduced his fee request for time spent on the challenged entries by 9.65 hours.

The Court has reviewed the billing records and finds that an additional 6.05 hours should be deducted from Attorney Micavich's claimed hours for time entries on February 4, 2004, March 29, 2004, July 19, 2004, July 20, 2004, August 10, 2004 and September 21, 2005 to account for overbilling on non-core activities. Likewise, the Court shall deduct an additional .20 hours from Attorney Lorsbach's claimed hours for time entries on December 23, 2005 and December 30, 2005, and shall deduct an additional .60 hours from Attorney Hallquist's claimed hours for time entries on January 13, 2004, January 14, 2004 and January 16, 2004.

3.   <u>Lack of Specificity and Attorney Error</u>

Defendant argues that certain of Attorney Micavich's time

22

entries totaling 21.25 hours should be discounted because the time entries are too general to determine an appropriate fee. Defendant argues that compensating Plaintiff for 11.00 hours of that time, described as "hearing preparation," would be reasonable because hearing preparation involves many discrete tasks, not all of which might warrant the full attorney rate. Having reviewed the billing records, the Court finds that it would be reasonable to award Plaintiff 11.00 hours for that time. Therefore, the Court shall deduct 10.25 hours from Attorney Micavich's claimed time pertaining to those entries.

Defendant further argues that certain of Attorney Micavich's time entries totaling 5.60 hours should be eliminated because the time expended was the result of mistakes that should not be included in a fee award. The Court has reviewed the billing records and finds that 3.00 hours of the claimed time is reasonable with regard to those time entries. The Court shall deduct an additional 2.60 hours from Attorney Micavich's claimed time to account for attorney errors that should not be charged to the Defendant.

C.   Time Expended on Motion For Attorneys' Fees

Defendant argues that Plaintiff should not be awarded fees

for any time spent on this matter after judgment was entered because Defendant's post-judgment settlement offer was reasonable in light of Defendant's objections to Plaintiff's claimed hourly rates, objections to Plaintiff's time spent on unsuccessful motions and claims, and objections to instances of alleged overbilling that Defendant has identified.[7]  In contrast, Plaintiff argues that all of the time spent pertaining to his motion for attorneys' fees should be compensated, and in his revised fee request seeks an award for 69.15 hours of Attorney Lospennato's time expended reviewing the DRC attorneys' billing records line-by-line to eliminate overbilling and defending the revised fee request.

In <u>Hensley</u>, the Supreme Court observed that "[a] request for attorney's fees should not result in a second major litigation," and that ideally litigants would settle the fee amount.  461 U.S. at 437.  In the absence of a settlement, however, courts have

_____

[7]Before filing his motion for attorneys' fees, Plaintiff offered to settle the attorneys' fee claim for $58,108.05.  This amount reflected a 10 percent reduction to the amount of fees that Plaintiff believed he was entitled to receive.  Defendant made a counter-offer of $36,205.50, which it indicated was non-negotiable.  After his further attempts to settle the amount of attorneys' fees were rebuffed, Plaintiff filed the instant motion originally requesting an award of $64,564.50.  Plaintiff later conducted a line-by-line review of the billing records to address Defendant's challenges to discrete time entries.

24

recognized that time spent preparing a fee application should be compensated in an attorneys' fee award, albeit at a reduced rate. See Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993) (citing Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978); Gabriele v. Southworth, 712 F.2d 1505, 1507 (1st Cir. 1982)).  Having carefully reviewed the parties' submissions on the motion for attorneys' fees, the Court finds that the 69.15 hours claimed by Attorney Lospennato for preparing and defending the motion appears to be reasonable in light of considerable briefing on the fee request.  That claimed time shall be included in the attorneys' fee award.

IV.  Amount of the Fee Award As Determined By the Court

    Taking into account the deductions that the Court finds warranted, as discussed above, the amount of the fee award shall be as follows:

| ATTORNEY | HOURS | RATE | SUB—TOTAL |
|---|---|---|---|
| Ronald K. Lospennato | 9.25 hours   x   $225 = (Before Entry of Judgment) | | $2,081.25 |
| | 69.15 hours   x   $180 = (Preparing and Defending Fee Request) | | $12,447.00 |

25

| | | | | | |
|---|---|---|---|---|---|
| Amy B. Messer | 2.05 hours | x | $200 = | $410.00 |
| Colleen Micavich | 308.25 hours | x | $160 = | $49,320.00 |
| Elizabeth Lorsbach | 2.30 hours | x | $150 = | $345.00 |
| Kim Hallquist | 2.10 hours | x | $135 = | $283.50 |
| | TOTAL AWARD | = | | $64,886.75 |

## Conclusion

For the reasons set forth above, the Court grants the Plaintiff's Motion For Reasonable Attorneys' Fees (document no. 27), with the reductions specified in this order.  The Defendant is ordered to pay attorneys' fees on the Plaintiff's behalf to the Disabilities Rights Center, Inc., in the amount of $64,886.75.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: December 5, 2005

cc:  Ronald K. Lospennato, Esq.
     Diane M. McCormack, Esq.